WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company,<br>　　　　　　　Plaintiff,<br>v.<br>Sechel Holdings, Inc., a Delaware corporation, and Ergogenix, Inc., a Delaware corporation,<br>　　　　　　　Defendants. | No. CV 14-2291-PHX-JAT<br><br>**ORDER** |

　　　Pending before the Court are three interrelated motions: Plaintiff ThermoLife International, LLC's Rule 55(b)(1) Request for Default Judgment Against Sechel Holdings, Inc. and Ergogenix, Inc. (Doc. 16); Defendant Ergogenix, Inc.'s Motion to Set Aside Entry of Default (Doc. 19); and Defendant Ergogenix, Inc.'s Motion for Leave to File Answer to Plaintiff's Complaint (Doc. 22). The Court now rules on the motions.

**I.　Background**

　　　On October 15, 2014, Plaintiff filed its original complaint. (Doc. 1). Service was executed on Ergogenix two days later on October 17, 2014. (Doc. 8). On November 13, 2014, the Clerk of Court, upon Plaintiff's request, entered default against Sechel Holdings and Ergogenix pursuant to Federal Rule of Civil Procedure 55(a) ("Rule"). (Doc. 10). Due to a pleading deficiency in Plaintiff's complaint, the Court ordered Plaintiff to "file a supplement to the complaint properly alleging federal subject matter jurisdiction." (Doc. 11). Instead of filing a supplement, Plaintiff filed its Amended

1 Complaint on December 30, 2014. (Doc. 12). Plaintiff properly served the Amended Complaint by electronic service via the Clerk's Office. (*Id.*)[1] On January 9, 2015, Plaintiff filed its motion for default judgment. (Doc. 16).[2] The Court subsequently found that the Amended Complaint adequately pleads jurisdiction. (Doc. 26).

**II.   Effect of the Amended Complaint**

The Court ordered Plaintiff to file a "supplement" to its original complaint due to Plaintiff's failure to adequately plead subject matter jurisdiction. (Doc. 11). Rather than file a supplement, Plaintiff filed its Amended Complaint. (Doc. 12). "As a general rule, when a plaintiff files an amended complaint, 'the amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).[3]

Consequently, when Plaintiff filed the Amended Complaint its original complaint became ineffectual. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting that an "amended pleading supersedes the original pleading" such that "after amendment the original pleading *no longer performs any function* and is treated thereafter as non-

---

[1] "The amended complaint in this case qualifies as a 'pleading subsequent to the original complaint,' thus allowing it to be served in any manner prescribed in Rule 5(b)." *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (citing Fed. R. Civ. P. 5(a)(1)(B). One permitted manner is the use of court facilities "if a local rule so authorizes." Fed. R. Civ. P. 5(b)(3). Pursuant to Local Rule 5.5, "[r]egistration as an ECF user constitutes consent to the electronic service of all documents through the Court's transmission facilities for purposes of Rule 5(b)(3) of the Federal Rules of Civil Procedure." LRCiv 5.5(f). Ergogenix's counsel is registered as an ECF user. (Doc. 17 at 2). Service of the Amended Complaint, therefore, was properly executed.

Service pursuant to Rule 4 was not required because the Amended Complaint does not assert a "new claim for relief." Fed. R. Civ. P. 5(a); *see Ethan Enters.*, 480 F.3d at 999 (noting that an amended complaint need only be served in the manner provided by Rule 4 when (1) "a pleading that asserts a new claim for relief" is made against (2) "a party who is in default for failing to appear." (quoting Fed. R. Civ. P. 5(a))).

[2] Plaintiff's motion (Doc. 16) and reply (Doc. 29) are both silent as to whether Plaintiff seeks an entry of default judgment on its original complaint or on the Amended Complaint. The Court will consider both options.

[3] As some courts have admonished, "[a]n original complaint is only superseded . . . when the amended complaint is properly served, not when it is filed." *Rolle v. Law Office of Samuel Streeter, PLLC*, 2010 WL 729022, at *4 (D. Ariz. Mar. 2, 2010) (citation omitted). As noted, Plaintiff properly served the Amended Complaint using the Court's electronic filing system.

existent" (quotations omitted) (emphasis added)). Because Plaintiff's original complaint "no longer performs any function," a default based on the original complaint must also be rendered ineffectual and non-existent. *See Best W. Int'l, Inc. v. Melbourne Hotel Investors, LLC*, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) (noting that the filing of an amended complaint subsequent to a motion for default judgment "mooted" the default judgment motion); *Ogunsalu v. Nair*, 264 F. App'x 672, 674 (9th Cir. 2008) (unpublished) (noting that motions directed at superseded pleadings are to be denied as moot); *Nelson v. Nationwide Mortg. Corp.*, 659 F. Supp. 611, 615 (D.D.C. 1987) ("In light of [the plaintiff's] filing of an amended complaint, her [previous] motions for entry of default judgments against [the defendants] must be denied as moot.").

In this case, the Clerk of Court entered default on Plaintiff's *original* complaint. At this time, default has not been entered on Plaintiff's *Amended* Complaint. Consequently, default judgment on the Amended Complaint would be improper because no default has been entered on the Amended Complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the two-step process under Rule 55).

For these reasons, the Court will deny Plaintiff's motion for default judgment (Doc. 16) as moot. Furthermore, Ergogenix's Motion to Set Aside Entry of Default (Doc. 19) is also moot because Plaintiff's *original* complaint "no longer performs any function" making the entry of default on the original complaint "non-existent." If Plaintiff wishes to pursue an entry of default judgment based on the Amended Complaint, it must first obtain an entry of default from the Clerk of Court pursuant to Rule 55(a).

**III.   Ergogenix's Motion to Set Aside Entry of Default**

As discussed, the Court holds that Ergogenix's Motion to Set Aside Entry of Default (Doc. 19) was rendered moot by the filing of Plaintiff's Amended Complaint. Nonetheless, assuming *arguendo* that the Amended Complaint merely supplemented Plaintiff's original complaint, the Clerk of Court's entry of default on the original complaint would remain operative. Consequently, if the entry of default were to be set aside as Ergogenix requests, default judgment would be improper. *See Eitel*, 782 F.2d at

1471 (discussing the two-step process under Rule 55). The Court, therefore, will consider whether the entry of default could be set aside pursuant to Rule 55(c).

### A. Legal Standard

The Court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant; 2) whether any meritorious defenses are available, and 3) whether there is any prejudice to the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This burden, however, is not "extraordinarily heavy." *Id.* at 700. Notably, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091.

### 1. Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action *and intentionally* failed to answer." *Knoebber*, 244 F.3d at 697 (emphasis added). Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith. *Id.* at 697–98; *see Mesle*, 615 F.3d at 1091 ("[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.").

Here, Ergogenix's failure to file a timely answer was not culpable conduct. Initially, there is no evidence that Ergogenix "acted in bad faith" when it failed to timely respond to Plaintiff's original complaint. Ergogenix did not receive actual notice of Plaintiff's initial complaint from its registered agent but learned of the lawsuit on the

1 Internet. (Doc. 20-1 at 2). As soon as Ergogenix's President made this discovery, he began gathering money in order to hire an attorney. (*Id.*) Moreover, as soon as Ergogenix's counsel discovered the entry of default and Plaintiff's motion for default judgment, he took reasonably prompt action to remedy the error by filing a motion for extension of time to respond to the default judgment motion (Doc. 16) and a motion to set aside entry of default (Doc. 19). In short, Ergogenix's actions were not in "bad faith [with] an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1091. This factor, therefore, weighs in favor of setting aside default.

### 2. Meritorious Defense

Second, the Court considers whether Ergogenix has an available "meritorious defense." *Knoebber*, 244 F.3d at 697. To establish that a meritorious defense exists, Ergogenix must allege specific facts that would constitute a defense. *Id.* at 700. The Court need not conclude that Ergogenix will prevail on the defense to determine that this factor weighs in favor of setting aside default. *See Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993). Instead, the Court need only find that after a trial on the merits, the defense may cause a different result than default. *Id.*

In this case, Ergogenix affirmatively asserts it will show that Sechel Holdings was forced to "shut down under an avalanche of debt" caused by its "primary creditor" demanding repayment of a secured loan. (Doc. 20). Ergogenix claims it will show that all vendor accounts were opened with Ergogenix because it was a "new, distinct corporate entity . . . and the various retailers and distributors had to set up new accounts for this new entity." (*Id.*) The Court finds that these specific facts "may cause a different result than default" after a full trial on the merits. *Apache Nitrogen Prods.*, 145 F.R.D. at 682. This factor, therefore, weighs in favor of setting aside default.

### 3. Prejudice to the Plaintiff

Lastly, the Court considers whether setting aside the entry of default would be prejudicial to Plaintiff. "To be prejudicial, the setting aside of a judgment must result in

greater harm than simply delaying resolution of the case. Rather, the standard is whether [Plaintiff's] ability to pursue [its] claim will be hindered." *Knoebber*, 244 F.3d at 701 (quotation omitted). "[D]elay alone does not constitute the sort of prejudice cognizable upon a Rule 55(c) motion: it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Apache Nitrogen Prods.*, 145 F.R.D. at 682 (citation omitted).

In this case, no evidence suggests that Plaintiff's ability to pursue its claim will be hindered. Rather, all that will result is a minimal delay which is not cognizable as sufficient prejudice. This factor, therefore, weighs in favor of setting aside default.

### 4. Conclusion

Accordingly, even assuming that Plaintiff's Amended Complaint was merely a supplement to its original complaint, the Court finds that based on these three factors, and the general preference for resolving cases on their merits, *Mesle*, 615 F.3d at 1091, the entry of default should be set aside.

## IV. Motion for Default Judgment

Plaintiff seeks a default judgment against Sechel Holdings and Ergogenix pursuant to Rule 55(b)(1). (Doc. 16). As discussed, this motion became moot when Plaintiff filed its Amended Complaint. Moreover, even if Plaintiff's original complaint remained effectual, the Court would set aside the entry of default pursuant to Rule 55(c), thereby mooting this motion. *See Eitel*, 782 F.2d at 1471 (discussing the two-step process under Rule 55). Accordingly, the Court will deny Plaintiff's motion for default judgment as moot.

## V. Motion for Leave to File Answer

On February 12, 2015, Ergogenix filed a Motion for Leave to File an Answer to Plaintiff's Complaint. (Doc. 22). To its motion, Ergogenix attached Defendant's Original Answer and Affirmative Defenses to Plaintiff's Original Complaint. (Doc. 22-1). This proposed answer is now lodged in the Court's file. (Doc. 25). In its response, Plaintiff contends that "Ergogenix should not be permitted to answer the Complaint." (Doc. 29).

As noted, Plaintiff's original complaint was rendered "non-existent" by the filing of the Amended Complaint. For that reason, the Court will construe Ergogenix's Motion for Leave to File an Answer to Plaintiff's Complaint as a motion for leave to file an answer to Plaintiff's *Amended* Complaint.

The Amended Complaint was filed and served on December 30, 2014. (Doc. 12). Upon being served, Ergogenix should have responded within fourteen days. Fed. R. Civ. P. 15(a)(3). Consequently, the time for Ergogenix to respond expired long ago.

The Federal Rules of Civil Procedure govern whether a court may extend a specified time for a party to act. According to Rule 6:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) *on motion made after the time has expired* if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1) (emphasis added). Because Ergogenix's time to respond has expired, the Court must determine whether such failure was due to "excusable neglect."[4]

Without mentioning Rule 6, Ergogenix offers one sentence for why it should receive an extension: "The late filing of the Answer will not unduly prejudice the Plaintiff." (Doc. 22 at 2). The court cannot accept this bald assertion at face value. In this Circuit, "[t]o determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test" based on *Pioneer Inv.*

---

[4] The Court notes that, generally, "Rule 6 allows for an enlargement of the prescribed amount of time to file, but it does not allow a party to file an answer after the clerk of court has entered default against the party." *Ariz. Opera Co. v. AZ Opera Co.*, 2007 WL 1958779, at *2 (D. Ariz. July 2, 2007). In this case, Plaintiff's Amended Complaint made the entry of default on Plaintiff's original complaint non-existent. The Court, therefore, will consider Ergogenix's motion.

- 7 -

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). While *Pioneer* involved Federal Rule of Bankruptcy Procedure 9006(b)(1), the Ninth Circuit has held that the four-factor test applies to determinations of what constitutes "excusable neglect" under other rules containing that term, including Rule 6(b). *See In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (applying the four factor test to Rule 6(b)). "Th[e] four-factor [*Pioneer*] equitable test requires, at a minimum, examination of: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Trueman v. Johnson*, 2011 WL 6721327, at *6 (D. Ariz. Dec. 21, 2011) (citing *Ahanchian*, 624 F.3d at 1261).

With regard to the first factor, the Court previously discussed the potential danger of prejudice to Plaintiff and found any prejudice to be minimal. Secondly, the length of delay is short and, at most, will cause a slight interruption on judicial proceedings. As to the third factor, the Court notes that its earlier analysis regarding "culpable conduct" is helpful. Ergogenix did not receive actual notice of this lawsuit from its designated agent and acted reasonably prompt after it obtained counsel. Moreover, the parties' briefing failed to discuss the fact that Plaintiff's Amended Complaint superseded its original complaint. This lack of discussion infers that neither party expected that Ergogenix would be required to respond to the Amended Complaint and not the original complaint.[5] As to the fourth factor, there is no evidence in the record that Ergogenix did not act in good faith. Accordingly, based on these four factors, the Court finds that Ergogenix failed to timely respond to Plaintiff's Amended Complaint due to "excusable neglect."

While the Court construes Ergogenix's motion to refer to Plaintiff's Amended Complaint, the Court cannot construe Ergogenix's "*Original* Answer and Affirmative Defenses to Plaintiff's *Original* Complaint" in the same manner. Ergogenix clearly

---

[5] In fact, Ergogenix's lodged answer is entitled "Defendant's *Original* Answer and Affirmative Defenses to Plaintiff's *Original* Complaint." (Doc. 25) (emphasis added).

- 8 -

desired this response to be its answer to Plaintiff's original complaint. Ergogenix's motion for leave, therefore, is granted to the extent that Ergogenix has leave to file an answer to Plaintiff's Amended Complaint. Ergogenix's lodged answer is ineffectual. Ergogenix must file its answer to Plaintiff's Amended Complaint within ten days from the date of this Order.

**VI. Conclusion**

Accordingly,

**IT IS ORDERED** that Ergogenix's Motion to Set Aside Entry of Default (Doc. 19) is **DENIED** as moot. The Court holds that the default entered on Plaintiff's original complaint was rendered non-existent as the result of Plaintiff filing its Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **VACATE** the entry of default (Doc. 10).

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. 16) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Ergogenix's Motion for Leave to File Answer to Plaintiff's Complaint (Doc. 22) is **GRANTED.** The Court construes the motion to pertain to Plaintiff's Amended Complaint and grants Ergogenix leave to file its answer within ten days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** Ergogenix's lodged answer (Doc. 25).

Dated this 3rd day of April, 2015.

James A. Teilborg
Senior United States District Judge